IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TIMOTHY R. ESTABROOK,<br><br>and<br><br>CATHERINE M. ESTABROOK,<br><br>    Defendants. | Case No. |

## COMPLAINT

Upon information and belief, the United States of America, Plaintiff, by and through undersigned counsel, alleges as follows:

## PARTIES

1. Plaintiff is the United States of America proceeding in its sovereign capacity under 28 U.S.C. § 1345 and 18 U.S.C. § 3664(m)(1)(A)(ii).

2. Defendant TIMOTHY ESTABROOK is a resident of the state of Missouri.

3. Defendant CATHERINE ESTABROOK is a resident of the state of Missouri.

## JURISDICTION AND VENUE

4. This is a civil action initiated by the United States of America pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001, et seq., and the Missouri Uniform Fraudulent Transfer Act ("UFTA"), Mo. Rev. Stat. § 428.024, and involving fraudulent transfers as to a debt owed to the United States.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1345.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the property at issue is in and the events giving rise to this claim occurred in the Western District of Missouri.

## FACTS

7. Upon information and belief, on March 3, 2004, Defendant TIMOTHY ESTABROOK purchased real property located at 372 North Shore Drive, Lake Waukomis, Platte County, Missouri (the "Property") for a purchase price of $195,510. Upon information and belief, Defendant TIMOTHY ESTABROOK was unmarried at the time of purchase, and he was the sole record owner of the Property.

8. Upon information and belief, Defendant TIMOTHY ESTABROOK secured a mortgage of $147,000 in his name on the Property. Upon information and belief, Defendant TIMOTHY ESTABROOK had at least $48,510 in equity in the Property at the time of purchase, which reflected the difference in purchase price and the value of the mortgage on the Property.

9. Defendant TIMOTHY ESTABROOK and Defendant CATHERINE ESTABROOK were married on July 4, 2007.

10. On February 13, 2013, Defendant TIMOTHY ESTABROOK was named in a seven-count indictment in the Western District of Missouri, *United States of America v. Timothy Ross Estabrook*, 13-00137-01-CR-W-DGK.

11. After he was indicted and recognizing that he faced a criminal judgment and restitution obligations, on May 9, 2013, Defendant TIMOTHY ESTABROOK deeded his sole interest in the Property to his then-wife Defendant CATHERINE ESTABROOK by quit claim deed for ten dollars ($10.00) in consideration

12. Upon information and belief, the mortgage for the Property remained in Defendant TIMOTHY ESTABROOK's name after the transfer of his interest in the Property.

13. On May 23, 2013, Defendant TIMOTHY ESTABROOK pleaded guilty to trafficking in counterfeit goods and introduction and delivery of misbranded drugs.

14. On January 22, 2014, Defendant TIMOTHY ESTABROOK was sentenced to five years of probation and ordered to pay restitution in the amount of $76,030.24 and a special assessment of $200.00.

15. In connection with the restitution judgment, the United States filed a Notice of Lien in Platte County on February 3, 2014 (the "Lien"). The Notice of Lien states:

> **NOTICE** is hereby given of a lien against the property of the defendant named below. Pursuant to Title 18, United States Code, Section 3613(c), a fine or an order of restitution imposed pursuant to the provisions of subchapter C of chapter 227 is a lien in favor of the United States upon all property belonging to the person fined or ordered to pay restitution.

16. Counsel for the United States learned of the Estabrooks' pending divorce through defendant TIMOTHY ESTABROOK's probation officer on or about September 11, 2018.

17. In investigating the pending divorce, the United States discovered the transfer of Defendant TIMOTHY ESTABROOK's interest in the Property.

18. On or about December 3, 2018 a proposed judgment of dissolution ("Proposed Judgment") was filed in the Estabrook's divorce proceedings.

19. The Proposed Judgment required Defendant CATHERINE ESTABROOK to

3

refinance the Property in her name and to remove Defendant TIMOTHY ESTABROOK from the mortgage.

20. The Proposed Judgment was so-ordered on December 11, 2018 (the "Divorce Order").

21. Consistent with the Proposed Judgment, the Divorce Order ordered Defendant CATHERINE ESTABROOK to refinance the Property in her name alone and Defendant TIMOTHY ESTABROOK to cooperate in providing information and signing any documents necessary for the refinance process.

22. As of February 11, 2019, Defendant TIMOTHY ESTABROOK had a restitution balance of $66,087.24.

23. Upon information and belief, there is equity in the Property that is property of Defendant TIMOTHY ESTABROOK and is rightfully subject to the United States' Lien to satisfy the restitution judgment.

**FIRST CLAIM FOR RELIEF**
28 U.S.C. §§ 3304(b)(1)(A) and 3306(a)(1)
(Avoidance of Fraudulent Conveyances)

24. The allegations of paragraphs 1 through 23 are incorporated herein.

25. Defendant TIMOTHY ESTABROOK owes a debt to the United States as the FDCPA defines such term.

26. The transfer of the Property by quit claim deed was made with the actual intent to hinder, delay, or defraud the United States.

27. Based on the foregoing, the transfer of the Property by quit claim deed was fraudulent as to a debt of the United States.

4

## SECOND CLAIM FOR RELIEF
28 U.S.C. §§ 3304(b)(1)(B) and 3306(a)(1)
(Avoidance of Fraudulent Conveyances)

28. The allegations of paragraphs 1 through 23 are incorporated herein.

29. The transfer of the Property by quit claim deed was made without receiving of reasonably equivalent value in exchange for the transfer, and Defendant TIMOTHY ESTABROOK believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

30. Based on the foregoing, the transfer of the Property by quit claim deed was fraudulent as to a debt of the United States.

## THIRD CLAIM FOR RELIEF
Mo. Rev. Stat. § 428.024
(Avoidance of Fraudulent Conveyances)

31. The allegations of paragraphs 1 through 23 are incorporated herein.

32. The transfer of the Property by quit claim deed was made with the actual intent to hinder, delay, or defraud the United States.

33. Based on the foregoing, the transfer of the Property by quit claim deed was fraudulent as to a debt of the United States.

## FOURTH CLAIM FOR RELIEF
Mo. Rev. Stat. § 428.024
(Avoidance of Fraudulent Conveyances)

34. The allegations of paragraphs 1 through 23 are incorporated herein.

35. The transfer of the Property by quit claim deed was made without receiving of reasonably equivalent value in exchange for the transfer, and Defendant TIMOTHY ESTABROOK believed or reasonably should have believed that he would incur debts beyond his

ability to pay as they became due.

36. Based on the foregoing, the transfer of the Property by quit claim deed was fraudulent as to a debt of the United States.

## FIFTH CLAIM FOR RELIEF
28 U.S.C. § 3306(a)(3)
(Money Judgment)

37. The allegations of paragraphs 1 through 23 are incorporated herein.

38. The United States is entitled under the FDCPA to a money judgment against Defendant CATHERINE ESTABROOK in an amount that reflects Defendant TIMOTHY ESTABROOK's equity interest in the Property but not to exceed the amount that Defendant TIMOTHY ESTABROOK owes on his restitution judgment.

## SIXTH CLAIM FOR RELIEF
28 U.S.C. § 3306(a)(3)
(Injunctive Relief)

39. The allegations of paragraphs 1 through 23 are incorporated herein.

40. The United States is entitled under the FDCPA to an injunction against Defendant CATHERINE ESTABROOK and Defendant TIMOTHY ESTABROOK to prevent disposition, transfer, alteration of title to, diminution of the value of equity in, mortgage, refinance, or encumbrance of the Property.

## PRAYER FOR RELIEF

WHEREFORE, the UNITED STATES requests relief as follows:

1. A declaration of nullity and voidance of Defendant TIMOTHY ESTABROOK's transfer of the Property to Defendant CATHERINE ESTABROOK;

2. A declaration that the United States' Lien applies to the Property;

3. A money judgment against Defendant CATHERINE ESTABROOK in an amount that reflects Defendant TIMOTHY ESTABROOK's actual equity interest in the Property but not to exceed the amount that Defendant TIMOTHY ESTABROOK owes on his restitution judgment;

4. An injunction precluding either Defendant CATHERINE ESTABROOK or Defendant TIMOTHY ESTABROOK from disposing of, transferring, altering title to, mortgaging, refinancing, diminishing the value of equity in, or encumbering the Property;

5. An award of costs of these proceedings; and

6. Any other relief as the Court deems just and reasonable, and as the circumstances may require.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By

/s/ *Leigh Farmakidis*
Missouri Bar No. 70771
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 E. 9th Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122
Email: leigh.wasserstrom@usdoj.gov

JS 44 (Rev 09/10)

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Western District of Missouri.

**The completed cover sheet must be saved as a pdf document and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff(s):**
First Listed Plaintiff:
United States of America ;
**County of Residence:** Outside This District

**Defendant(s):**
First Listed Defendant:
Timothy R. Estabrook ;
**County of Residence:** Outside This District

Additional Defendants(s):
Catherine M. Estabrook ;

**County Where Claim For Relief Arose:** Platte County

**Plaintiff's Attorney(s):**
AUSA Leigh Farmakidis ( United States of America)
United States Attorney's Office
400 E. 9th St.
Kansas City, Missouri 64106
**Phone:** 816-426-7166
**Fax:**
**Email:** leigh.wasserstrom@usdoj.gov

**Defendant's Attorney(s):**

**Basis of Jurisdiction:** 1. U.S. Government Plaintiff

**Citizenship of Principal Parties** (Diversity Cases Only)
   **Plaintiff:** N/A
   **Defendant:** N/A

**Origin:** 1. Original Proceeding

**Nature of Suit:** 150 Other Recovery Actions/Enforcement of Judgements
**Cause of Action:** fraudulent conveyance 28U.S.C.3304 (b)(1)(A) and 3306(a)(1)
**Requested in Complaint**
   **Class Action:** Not filed as a Class Action

**Monetary Demand (in Thousands):** $66,087.24

**Jury Demand:** No

**Related Cases:** RELATED to case number 13-137-CR-W-DGK, assigned to Judge Judge Kays

---

**Signature:** /s/ Leigh Farmakidis

**Date:** 2/12/2019

If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit it with your new civil action.